IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:06-CV-171-FL

| | | |
|---|---|---|
| BOBBY D. SAVAGE, | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| NORTH CAROLINA DEPARTMENT | ) | |
| OF CORRECTION, | ) | |
| Defendant. | ) | |

This case comes now before the court on motion by defendant to dismiss plaintiff's amended complaint, (DE #27), and memorandum and recommendation of the magistrate judge, recommending that this motion be granted in part and denied in part (DE #52). The court also takes up and considers herein plaintiff's motion to join additional parties (DE # 43) and defendant's related motion to strike (DE # 44); plaintiff's motion for reconsideration of request for emergency medical delay (DE # 47); and defendant's motion to compel discovery (DE # 48). All issues raised in the submissions now before the court are ripe for decision.

STATEMENT OF THE CASE

Plaintiff, a black employee of the North Carolina Department of Correction, defendant herein, whose duties centered around maintaining custody and control of inmates under his supervision, filed complaint April 24, 2004 against his employer. Subsequent filings appear to indicate plaintiff no longer is employed by defendant. Plaintiff alleged defendant discriminated against plaintiff on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981"),

and retaliated against him for his complaints of unfair treatment in violation of Title VII, 42 U.S.C. § 2000e-3(a), and other provisions of law.

Specifically, plaintiff alleged that he received a "below good" rating in November 2003 and was subject to subsequent adverse action through September 2004 after complaining about discrimination. In addition, plaintiff alleged that in January 2005 he was subjected to an abusive search for drugs. Plaintiff filed an EEOC charge with respect to each sequence of events, and the EEOC issued right to sue letters, copies of which are attached to the complaint. Plaintiff sought injunctive relief, compensatory damages in excess of $10,000.00 and punitive damages. Defendant filed answer denying liability and asserting several affirmative defenses.

Plaintiff, proceeding *pro se*, repeatedly reminds in his submissions that, as he styles himself, plaintiff is a "reluctant *pro se* litigant." Plaintiff's status has been deferred to in several instances, as appropriate, including through expansive construction of his pleadings generally, and specific allowance of several requests for more time to take action. Plaintiff filed motion seeking leave to amend his original compliant on November 30, 2006, which was allowed. As succinctly summarized and appropriately determined by the magistrate judge, the amended pleading, filed January 18, 2007, presented with little factual detail and interspersed with argument, purports to assert a claim under 42 U.S.C. § 1983 for violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; claims under 42 U.S.C. § 1985(3) and § 1986 for conspiracy to violate plaintiff's civil rights; and state law claims for fraud, forgery, bad faith, malice, willful misconduct, intentional infliction of emotional distress, and gross negligence. There is no claim for injunctive relief. Plaintiff seeks compensatory damages of $500,000.00 and punitive damages of

2

$3,250,000.00. Defendant moved in response to dismiss plaintiff's amended complaint in motion filed February 9, 2007, to which plaintiff has responded in opposition.

Plaintiff filed additional motions February 15, 2007. The first, entitled "Plaintiff's List of Joining Additional Parties,"presents the names of two individuals explained later to have helped plaintiff with his case. The following text was typed after each name: "Legal Researcher C/O 230 North Marion Drive Goldsboro, North Carolina 27534." (230 North Marion Drive in Goldsboro, North Carolina is the plaintiff's address.) The court struck this ambiguous filing and allowed plaintiff leave to file a new motion to join additional parties in conformity with applicable rules. Plaintiff subsequently filed a motion seeking to join as additional parties four employees of defendant, who has moved to strike this filing. The motion to join these individuals as defendants and the related motion to strike are now before this court. Another motion filed by plaintiff on February 15, 2007 requested that the court schedule a court-hosted settlement conference. That motion was denied without prejudice to renewal at later juncture, in order dated July 26, 2007.

The July 26, 2007 order also addressed the nature and timing of several issues outstanding in this matter. This court ordered that defendant respond to plaintiff's request for reconsideration of emergency medical condition no later than August 1, 2007, and took note of defendant's motion to compel, finding it appropriate to consider those matters presented by plaintiff in the motion for reconsideration also in response to defendant's motion to compel, while permitting plaintiff up to and until August 1, 2007 to supplement this response, if desired.

Hence, there are five motions before this court now, including 1) motion to dismiss, presented upon memorandum and recommendation of the magistrate judge; 2) plaintiff's motion to join additional defendants and 3) defendant's related motion to strike; 4) plaintiff's motion seeking

3

this court to reconsider issues presented by plaintiff's asserted medical condition; and, finally, 5) defendant's motion to compel. Lingering, too, is the issue of the case schedule, as already commented on by the court in order entered July 26, 2007. The court turns below to each of these motions, beginning first with analysis of the motion for reconsideration of plaintiff's medical status, and also addresses in conclusion matters bearing on the schedule of the case.

## COURT"S DISCUSSION

A. Motion for Reconsideration of Plaintiff's Emergency Medical Delay

The court takes up and considers as an initial matter plaintiff's "Motion For Reconsideration of Plaintiff's Emergency Medical Delay Physician's Letter of More Definite Medical Condition" (DE #47). For the following reasons, this motion is DENIED.

The plaintiff first raised the issue of his medical condition in motion filed April 17, 2007, requesting "emergency medical delay of all actions related to this case." In his motion, plaintiff alleged that he "suffered a major medical condition" and that "surgical intervention" had been ordered. Defendant filed response to this motion April 25, 2007, requesting that the court proceed on all matters ripe for ruling, but consenting to "a reasonable extension of the discovery and dispositive motions deadlines" provided that plaintiff provided the court with adequate documentation of his medical condition. In order dated May 3, 2007, the court granted plaintiff's request with respect to all case management order ("CMO") deadlines, pending proper documentation of plaintiff's medical condition (such documentation to be received no later than May 23, 2007). The court declined to stay its consideration of motions already pending before it.

In response, plaintiff filed with the court a brief letter from plaintiff's optometrist, detailing plaintiff's need for "laser treatment over the next two weeks." The letter dated May 10, 2007 was

4

filed on May 22, 2007. Upon its consideration of the letter, this court lifted the stay and "due to [its] brief nature," declined to permanently alter any of CMO deadlines.

Plaintiff subsequently filed the instant motion for reconsideration, appending letters from several of plaintiff's health care providers. In the motion itself, plaintiff makes no specific request beyond "reconsideration" as requested by title. In letter dated July 9, 2007, the optometrist indicates that plaintiff "recently" underwent eye surgery. The second letter, dated June 15, 2007 and signed by plaintiff's licensed clinical social worker, includes statement that "[i]t is my opinion that Mr. Savage is by no means in a position to participate in a legal proceeding." The letter also provides that, if properly treated, plaintiff "should begin to notice improvement in 4 - 8 weeks." The third letter, undated and signed by a medical doctor, includes medical opinion that:

> "[Plaintiff] is suffering from Major Depression and has significant depressive symptomology like dysphoria, reduced psychomotor activity, ambivalence and insomnia, irritability and difficulty concentrating. His multiple physical conditions, diabetes, hypertension, glaucoma, are aggravating his depression. He needs psychoactive medications and individual psychotherapy."

The letters appear to indicate that plaintiff was suffering from a variety of physical and mental disorders during the period at issue; however, as defendant noted in its response to plaintiff's renewed motion for emergency medical delay, plaintiff "has been able to participate selectively in the case proceedings during the months of June and July [2007]." As defendant also noted in response, plaintiff failed to comply with discovery requests, but had capacity to file a motion to add parties and was able to "gather medical records" to support his motion for reconsideration.

5

The only letter supporting plaintiff's motion that provides guidance regarding plaintiff's long term prognosis is that provided by his social worker. In it, she advises the court that plaintiff can expect to see improvement within four to eight weeks. Her letter, dated June 15, 2007, establishes an outer range now passed, by which time plaintiff's condition was predicted to have improved.

This court sympathizes with plaintiff concerning the health care problems described, but in view of the record, finds no basis to delay further these proceedings. Plaintiff's request for reconsideration, on the grounds asserted, is, therefore, DENIED.

B.    Motion to Dismiss Amended Complaint

The court now proceeds to consider defendant's motion to dismiss plaintiff's amended complaint (DE # 27), on memorandum and recommendation entered by Magistrate Judge James E. Gates. For the following reasons the undersigned adopts the recommendations of the magistrate judge, finding that defendant's motion to dismiss plaintiff's amended complaint should be and is GRANTED IN PART and DENIED IN PART.

As already noted, the amended complaint alleges several new causes of action against defendant.[1] Defendant responded in motion to dismiss that this court lacks subject matter jurisdiction over plaintiff's new claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure, and also, as to plaintiff's §1985 and § 1986 claims, that plaintiff has failed to state a claim upon which relief can be granted as required by Rule 12(b)(6). Defendant also contends that, by not

---

[1] As commented on by the magistrate judge, although the plaintiff at times uses the plural "defendants" and refers to certain actors by name, the amended complaint is directed at the North Carolina Department of Correction. Plaintiff's motion to join additional parties, filed June 18, 2007, seeks to insert after the fact of filing, additional defendants as subjects of allegations made in the earlier amended complaint. For reasons later stated, plaintiff's attempt to join additional defendants must fail, and, for purposes of this analysis, there is only one defendant, the North Carolina Department of Correction.

6

expressly incorporating his original Title VII claims into his amended complaint, plaintiff has abandoned them.

The magistrate judge correctly construed the allegations of plaintiff to include those in the complaint and those maintained in the amended complaint. The reasoning applied is expressly adopted by the undersigned. Finding that plaintiff has not, as argued by defendant, abandoned his original Title VII claims, to which defendant earlier responded but did not seek in the instant motion to have dismissed by this court, these claims and others including plaintiff's § 1981 and retaliation claims maintained in the original complaint, which are not focused on in defendant's motion, shall proceed. The court, after thorough consideration of the issues raised, OVERRULES defendant's objection to this aspect of the memorandum and recommendation.

1. Standard of Review Under Rules 12(b)(1) and 12(b)(6)

Under FED. R. CIV. P. 12(b)(1), the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When the 12(b)(1) motion attacks the complaint as failing to state facts upon which subject matter jurisdiction may be based, the facts in the complaint are alleged to be true and the plaintiff is afforded the same protections he or she would receive under a 12(b)(6) motion. Adams, 697 F.2d at 1219. The 12(b)(1) motion may alternatively attack the existence of subject matter jurisdiction in fact, apart from the complaint. Id. This type of attack is used when a court's limited jurisdiction precludes hearing the case brought. Materson v. Stokes, 166 F.R.D. 368, 371 (E.D. Va. 1996). Because the court's power to hear the case is at issue in a 12(b)(1) motion, the court is free to weigh the evidence

to determine the existence of jurisdiction. Adams, 697 F.2d at 1219. No presumptive truthfulness attaches to either party's claims. Id.

The purpose of a motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). The court may dismiss a complaint for failure to state a claim only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993). Nevertheless, while the court must take the facts in the light most favorable to the plaintiff, the court "need not accept the legal conclusions drawn from the facts [or] ... unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000); see also Labram v. Havel, 43 F.3d 918, 921 (4th Cir.1995) (stating that the court is not required to accept "conclusory allegations regarding the legal effect of the facts alleged"). In this way, a motion to dismiss "allows a court to eliminate actions that are fatally flawed in their legal premises." Parham v. Pepsico, Inc., 927 F.Supp. 177, 178 (E.D.N.C.1995).

2. Analysis of New Claims Added in Plaintiff's Amended Complaint

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or

8

> immunities secured by the Constitution and laws, shall be liable to the
> party injured . . .

42 U.S.C. § 1983.

Where its provisions allow for suit against a "person," and in suits for money damages, neither the state nor a state agency is deemed a "person," this claim cannot be maintained by plaintiff against defendant herein. For those reasons in law more particularly discussed by the magistrate judge, bearing on maintenance of this right of action against the North Carolina Department of Correction, because § 1983 does not provide for claims against this defendant, the court lacks subject matter jurisdiction, and plaintiff's § 1983 claim, as recommended by the magistrate judge, is DISMISSED pursuant to Rule 12(b)(1), and, alternatively, under Rule 12(b)(6).

Section 1985(3) provides to those injured by a conspiracy to deprive them of the equal protection of the laws a right of action against conspirators. It reads in relevant part:

> If two or more persons in any State or Territory conspire . . . for the purposes of depriving . . . any person or class of persons of the equal protection of the law, or of equal privileges and immunities under the laws . . . the party so injured may have an action for the recovery of damages . . . against one or more of the conspirators.

42 U.S.C. § 1985(3).

Section 1986 extends liability to those with knowledge of the conspiracy: "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in the preceding section . . . shall be liable to the party injured . . . for all damages[.]" 42 U.S.C. § 1986. Viability of a § 1986 claim is based on the antecedent § 1985 claim. If the 1985 claim is dismissed, the § 1986 claim also fails. <u>Buschi v. Kirven</u> F.2d 1240, 1243 (4th Cir. 1985).

9

As with § 1983, neither the state nor an agency of the state is a "person" in a suit for money damages under § 1985 or § 1986. Coffin v. South Carolina Dep't of Soc. Servs., 562 F. Supp 579, 585 (D.S.C. 1983). And, as the magistrate judge also expounded on, the immunity afforded by the Eleventh Amendment to a state or state agency applies to § 1985 and § 1986 claims, just as it does to § 1983 claims for money damages. See id.; see also Coats vs. N.C. Cent. Univ., 1996 U.S. Dist. LEXIS 16159, at *10 (M.D.N.C. 30 Aug. 1996); Culler vs. S.C. Dep't of Soc. Servs., 1984 U.S. Dist. LEXIS 20325, at *8-9 (D.S.C. 18 Jan. 1984).

As discussed already, defendant is an agency of the state of North Carolina. It therefore is not, as noted by the magistrate judge, subject to suit under § 1985 or § 1986. This court accordingly lacks subject matter jurisdiction. Plaintiff's § 1985 and § 1986 claims must be and are DISMISSED pursuant to Rule 12(b)(1).

In the amended complaint plaintiff also alleges fraud, forgery, bad faith, malice, wilful misconduct, and intentional infliction of emotional distress. Of these claims, only fraud (which includes forgery), and intentional infliction of emotional distress constitute actual causes of action in the context of a case such as this. As the magistrate judge also correctly noted, the other alleged tort claims can be considered aggravating factors which may entitle a plaintiff to various alternative forms of relief such as punitive damages. Gross negligence also was alleged.

Both fraud and intentional infliction of emotional distress are intentional torts. Intentional torts claims are subject to the North Carolina common law doctrine of sovereign immunity. For those reasons in law more particularly discussed by the magistrate judge, and earlier in this order, the doctrine of sovereign immunity bars plaintiff from bringing his claims for fraud and intentional

10

infliction of emotional distress. Plaintiff's intentional tort state law claims must be and are DISMISSED pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

The State of North Carolina has consented to the assertion of certain claims against it for negligence, but only in the North Carolina Industrial Commission. N.C. Gen. Stat. §§ 143-291, *et seq*. Because the State of North Carolina has not waived immunity to the type of liability asserted by plaintiff in the instant action, this court lacks subject matter jurisdiction regarding gross negligence, and the claim must be and is DISMISSED pursuant to Rule 12(b)(1).

In accordance with the foregoing, the entirety of plaintiff's claims asserted in the amended complaint are dismissed and, for reasons already stated, where the court has overruled the objection of defendant premised on assertion that plaintiff waived the original claims asserted under Title VII and state law, these remain.

C.   Motion to Join Additional Parties and Motion to Strike

The court forecast decision in footnote 1 herein on plaintiff's motion to join additional parties (DE # 43) and defendant's related motion to strike (DE # 44). Turning more particularly now to the merits of plaintiff's motion, effectively a request for joinder of additional parties, this motion was filed June 18, 2007, and titled "Amended Complaint." Plaintiff subtitled the motion "Plaintiff's List of Joining Parties," and expressly named four individuals: 1) Carla E. Okonek-Smith; 2) Joseph Lofton; 3) Boyd Bennet; and 4) Theodis Beck.

Defendant argues in its motion that plaintiff's motion violates the deadline for joining additional parties in the CMO and thus, should be struck. As noted above, however, plaintiff initially filed what appeared to be a joinder request on February 15, 2007, adding parties identified as "Legal Researchers" for plaintiff. Because of the facial ambiguity of this initial request, and due

11

to "blatant deficiencies" in the motion, it was struck as requested in order dated June 5, 2007. Plaintiff, however, was given leave to "file a new document serving the intended purpose of the 'List' but conforming to the applicable" rules, on or before June 18, 2007. Plaintiff thereafter filed his new "List," making reference to the parties named above. Given this sequence, and in deference to plaintiff's status, his filing is deemed timely. However, for the following reasons the court finds joinder of the named persons inappropriate, and dismisses the motion.

First, plaintiff's second joinder request exceeds the scope of the permission granted by the court. Plaintiff was permitted to file a second joinder request "serving the intended purpose" of the original request. The court granted plaintiff leave to correct his initial filing in deference to his *pro se* status. The original request constituted an apparent attempt to join additional parties on plaintiff's side of the litigation. Plaintiff's second joinder request bears no relationship to this original request. The court affords "leeway" to *pro se* plaintiffs to compensate for the complexity and speciality of the procedural rules accompanying even the most simple lawsuit, but allowing plaintiff to make wholesale changes in the structure of a lawsuit by joining entirely new defendants at this juncture exceeds procedural leeway. Allowing plaintiff to add new defendants, long after the original deadline, in these circumstances, is not appropriate.

More pointedly, however, and as defendant notes, plaintiff lacks the authority to bring Title VII claims against the individuals listed. Plaintiff's suit is based on letters to sue issued by the EEOC after its initial investigation of plaintiff's complaints. Those letters to sue were predicated upon complaints leveled solely at defendant. When authorized under Title VII, lawsuits subsequent to letters to sue are restricted to the scope of the initial EEOC investigation. See, e.g., Evans v. Technologies Applications & Service Co., 80 F.3d 954, 962-963 (4th Cir. 1996). Because plaintiff's

12

suit is based upon his initial EEOC charges, and because those charges were directed only at defendant, plaintiff's attempt to join new parties exceeds the scope of his authority in bringing this suit.

The plaintiff's remaining federal law claims, asserted in the amended complaint under § 1983, § 1985, and § 1986 are not actionable against the individual parties listed in the request for joinder for the same reasons that plaintiff's claims are barred as against defendant. Plaintiff seeks only money damages against a state official and "suit against a state official acting in his or her official capacity is not a suit against the official but rather a suit against the official's office[.]" Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Because plaintiff cannot seek money damages under these circumstances, plaintiff's attempt to join additional individuals as parties, in addition to exceeding the authorization of both the court and of Title VII, also fails for lack of subject matter jurisdiction under Rule 12(b)(1).

Plaintiff's motion for joinder of additional parties must be and is DENIED, and defendant's corresponding motion, to the extent it relies on futility, and advances this as the basis for denial of plaintiff's request, is ALLOWED.

D.  Motion to Compel Discovery

The final motion to be determined is defendant's motion to compel discovery, filed July 12, 2007. (DE # 48). Tactics in litigation taken by defendant promoted focus in the written questions propounded in May 2007, now at issue, on allegations made by plaintiff in the amended complaint. Three of the interrogatories expressly address allegations in the original complaint but the decisions made today by this court dispensing with all claims asserted in the amended complaint and the attempted joinder of Carla E. Okonek-Smith, Joseph Lofton, Boyd Bennet, and Theodis Beck render

responses to interrogatory nos. 1 through 4, as posed, of little relevance where plaintiff cannot now proceed on the amended complaint. It is not disputed that plaintiff failed and refused to respond to all written discovery. Defendant's good faith efforts to secure responses were unavailing, and the motion to compel well taken. Plaintiff's status does not relieve him of the obligation of following the Federal Rules of Civil Procedure, and this court has denied his request to stay progress of discovery.

In light of the rulings herein made, the court's attention in considering the motion necessarily turns to those responses outstanding to interrogatory nos. 5, 6, and 7, and to the first set of request for production of documents. Good cause having been shown, the court GRANTS that part of the motion seeking to compel answers to interrogatory nos. 5, 6, and 7. The court also GRANTS that part of the motion seeking to compel responses to defendant's first set of requests for production of documents in its entirety. Having determined that no grounds exist for continued stay of discovery, these responses shall be made by plaintiff on or before October 18, 2007. Defendant shall bear the costs of the motion. Plaintiff is admonished that failure to adhere to this new and extended deadline of October 18, 2007 could result in sanctions up to and including dismissal of this lawsuit.

In separate order the court will address further necessary modifications to the CMO where the schedule of the case must be modified also to take into consideration the need for the parties to engage in other or additional discovery, establishment of a new deadline for filing any dispositive motion, and a trial date, among other things. The parties each shall have up to and until October 25, 2007 to file if either wishes so to do, any new proposal addressing this discovery and scheduling matters, which the court will consider in deciding what modifications or amendments to the CMO

14

are appropriate. Accordingly, after October 25, 2007, and the court's review of any proposal filed, further order will issue addressing remaining discovery and case scheduling matters.

CONCLUSION

For the reasons set forth above, plaintiff's "Motion For Reconsideration of Plaintiff's Emergency Medical Delay Physician's Letter of More Definite Medical Condition" (DE #47) is denied. Defendant's motion to dismiss plaintiff's amended complaint (DE # 27) is granted in part and denied in that part where the court overrules defendant's objection to maintenance of plaintiff's claims framed in the original complaint. Finding herein that these claims were not waived, plaintiff's allegations that defendant discriminated against plaintiff on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981"), and retaliated against him for his complaints of unfair treatment in violation of Title VII, 42 U.S.C. § 2000e-3(a), and other provisions of law, shall proceed. Plaintiff's motion to join additional parties (DE # 43) is denied, and defendant's related motion to strike (DE # 44) accordingly allowed. Defendant's motion to compel discovery (DE # 48) is granted in that part seeking court order compelling answers to interrogatory nos. 5, 6, and 7, and responses to defendant's first set of requests for production of documents in its entirety. Having determined that no grounds exist for continued stay of discovery, answers to interrogatory nos. 5, 6, and 7, and responses to defendant's first set of requests for production of documents shall be made by plaintiff on or before October 18, 2007, to counsel for defendant, either by hand delivery or by United States mail postmarked by this deadline. Where issues bearing on the case schedule remain to be addressed, as commented on by the court in order entered July 26, 2007, the parties now shall have up to and until October 25, 2007, also to file any new scheduling proposal which the court will

consider in deciding what modifications or amendments to the CMO are appropriate. Thereafter, further order will issue addressing any remaining discovery and case scheduling matters.

SO ORDERED, this the 29th day of September, 2007.

LOUISE W. FLANAGAN
Chief United States District Judge